Leo Brown, J.
Petitioner brings this special proceeding, pursuant. to section 881 of the Real Property Actions and Proceedings Law, for a license to enter on respondent’s premises for five days during a 30-day period in order to make certain repairs to-the side and front walls of petitioner’s premises. The statute, enacted in 1968, provides: ‘ ‘ When an owner or lessee seeks to make improvements or repairs to real property so situated that such improvements or repairs cannot he made by the owner or lessee without entering the premises of an adjoining owner or his lessee, and permission so to enter has been refused, the owner or lessee seeking to make such improvements or *607 repairs may commence a special proceeding for a license so to enter pursuant to article four of the civil practice law and rules. The petition and affidavits, if any, shall state the facts making such entry necessary and the date or dates on which entry is sought. Such license shall be granted by the court in an appropriate case upon such terms as justice requires. The licensee shall be liable to the adjoining owner or his lessee for actual damages occurring as a result of the entry.”
Petitioner alleges that the northerly wall of her premises has become damaged by moisture seeping through from the exterior and that to correct that condition, it is necessary that aluminum siding be installed on the northerly wall which is to be waterproofed. The work can be accomplished, petitioner claims, only by erecting a .scaffolding which, of necessity, requires entry on respondent’s premises which adjoin petitioner’s property, and respondent has refused petitioner’s request for permission to do this. Respondent’s refusal is predicated on the fact that the aluminum siding to be erected will encroach on respondent’s property and thereby create an easement and a cloud on title. In her memorandum, petitioner concedes that the aluminum siding will encroach one inch on respondent’s property which, she claims, will constitute a minor encroachment and therefore entry should be permitted by the court.
Since the answer interposed by the respondent denies the material allegations of the petition, the court might ordinarily be required to direct a hearing of the issues in this proceeding in order to render a decision. In view of petitioner’s admission, however, that she seeks a license to enter on respondent’s property not only to make repairs to the northerly wall of the building but to create, as well, an encroachment on that property, the court is constrained to deny the petition. Section 881 of the Real Property Actions and Proceedings Law was designed to permit an owner to make repairs to real property so situated that the repairs cannot be made without entering upon the premises of an adjoining owner. In recommending the legislation, the Law Revision Commission emphasized that a problem exists where a land owner .seeks access to an adjoining land to make improvements or repairs to his own property and the adjoining land owner denies permission to enter.
In Chase Manhattan Bank v. Broadway, Whitney Co. (59 Misc 2d 1085, 1087), the court, in construing this statute, said: ‘1 Implicit in the recommendation and in the statute is the requirement that the work to be done is an improvement or repair.” The statute is thus limited to permission for the making of an improvement or repair. What the statute author *608 izes is a temporary license to enter and not a license to erect a permanent encroachment. Petitioner here seeks to enlarge the ambit of section 881 so as to include the performance of an unlawful act on respondent’s property.
The cases cited by petitioner are not applicable since they involve existing minor encroachments which a court of equity will not enjoin. This petitioner seeks a license to create an encroachment now not in existence. The relief sought transcends the statute and, even though the encroachment be deemed slight, it is contrary to elementary principles of equity. (Moran v. Gray, 257 App. Div. 999; St. Vincent’s Orphan Asylum v. Madison-Warren Corp., 225 App. Div. 379, 380.) A court cannot sanction the performance of such an unlawful act.
Accordingly, the application is denied and the petition is dismissed.