■ RICHARD P. HOUGHTALEN, JR., et al., Appellants, v NORSTAR BANK et al., Respondents. [595 NYS2d 408] —Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about February 10, 1992, which granted defendants' motion for change of venue from New York County to Suffolk County, and denied plaintiffs' cross motion to (1) amend the caption from Monti Francesco to Francesco Monti so as to reflect the true name of defendant, and (2) dismiss defendants' affirmative defense of improper service, unanimously modified, on the law, to the extent of granting plaintiffs' cross motion, and otherwise affirmed, without costs.

Plaintiffs' cross motion to amend the caption so as to reflect the true name of defendant, to wit Francesco Monti, should have been granted, there being evidence that he was properly served and suffered no prejudice as a result of the misnomer (CPLR 305 [c]; *Ober v Rye Town Hilton,* 159 AD2d 16, 21). The cross motion should also have been granted to dismiss defendants' affirmative defense of lack of jurisdiction, there being sufficient evidence in the record to establish that both defendants were properly served.

Concerning venue, defendant Norstar, the owner of the allegedly negligent vehicle, submitted documentation from the New York State Banking Department demonstrating that its principal place of business was in Nassau County at the time of the accident, and in Suffolk County at the time the action was commenced. Because defendant Norstar must be deemed

a corporation under Banking Law § 2 (1) and (10) plaintiffs' designation of New York County as the place of trial was improper (CPLR 503 [c]; 510 [1]).

We have considered plaintiffs' other arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Ross, Kassal and Rubin, JJ.