■ ALEX LOPEZ et al., Appellants, v NO KIT REALTY CORP. et al., Respondents. [679 NYS2d 114] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered March 26, 1998, which, to the extent appealed from as limited by plaintiffs-appellants' brief, denied plaintiffs' motion (1) for summary judgment on the issue of defendants' liability; (2) to strike an affirmative defense and counterclaim; and (3) to add Simon Haberman as a defendant, unanimously modified, on the law, to strike defendants' fourth affirmative defense insofar as it is directed to plaintiff Alex Lopez, and to add Simon Haberman as a defendant, and otherwise affirmed, without costs.

We modify as indicated because the infant plaintiff, Alex Lopez, at the age of 2 years—the age at which his lead poisoning was diagnosed—was not yet legally capable of negligence, as alleged against him in the fourth affirmative defense (*see, Galvin v Cosico*, 90 AD2d 656, *appeal dismissed* 58 NY2d

1115). This analysis does not, of course, apply to the infant plaintiff's mother, and the allegations of negligence against her, also in the fourth affirmative defense, sufficiently encompass actionable neglect to withstand plaintiffs' motion for their dismissal.

Summary judgment was properly denied since plaintiffs failed to make out a prima facie entitlement to judgment as a matter of law. The present summary judgment motion was deficient by reason of plaintiffs' failure to establish conclusively that the infant plaintiff suffered injury as the result of defendant's conduct only.

Finally, the branch of plaintiffs' motion seeking amendment of the complaint to add Simon Haberman as a defendant should be granted since the latter appeared personally upon the filing of his answer and this is simply a corrective amendment. Concur—Nardelli, J. P., Wallach, Tom and Andrias, JJ.