■ DDG Warren LLC, Respondent-Appellant, v Assouline Ritz 1, LLC, et al., Appellants-Respondents, and Board of Managers of Tribeca Townhomes at 16 Warren St. Condominium, Respondent, et al., Respondents. [30 NYS3d 52]—

Judgment, Supreme Court, New York County (Shlomo Hagler, J.), entered on or about February 5, 2015, insofar as appealed from as limited by the briefs, denying, without prejudice, respondents Assouline Ritz 1, LLC, Lichten Ritz 2, LLC, and 16 Warren St. PH, LLC's request for a fee for the license granted to petitioner pursuant to RPAPL 881, directing petitioner to post a $750,000 bond, and awarding attorneys' fees to all respondents without a time limit, unanimously modified, on the law and the facts and in the exercise of discretion, to grant respondents' application for a contemporaneous monthly license fee, and to remand the matter to Supreme Court for determination of the appropriate amount of that fee, and, if appropriate, to recalculate the amount of the bond, and otherwise affirmed.

Initially, contrary to petitioner's claim, respondents' appeal is not moot, even though Assouline and Lichten sold the penthouse unit at 16 Warren Street to 16 Warren St. PH before the court granted the license. Respondents confirm that any license fee granted will be awarded to 16 Warren St. PH.

Although the determination of whether to award a license

fee is discretionary, in that RPAPL 881 provides that a "license shall be granted by the court in an appropriate case *upon such terms as justice requires*" (emphasis added), the grant of licenses pursuant to RPAPL 881 often warrants the award of contemporaneous license fees (*see e.g. Columbia Grammar & Preparatory Sch. v 10 W. 93rd St. Hous. Dev. Fund Corp.*, 2015 NY Slip Op 31519[U] [Sup Ct, NY County Aug. 13, 2015]; *Snyder v 122 E. 78th St. NY LLC*, 2014 NY Slip Op 32940[U] [Sup Ct, NY County 2014]; *Matter of North 7-8 Invs., LLC v Newgarden*, 43 Misc 3d 623 [Sup Ct, Kings County 2014]; *Ponito Residence LLC v 12th St. Apt. Corp.*, 38 Misc 3d 604 [Sup Ct, NY County 2012]; *Matter of Rosma Dev., LLC v South*, 5 Misc 3d 1014[A], 2004 NY Slip Op 51369[U] [Sup Ct, Kings County 2004]). After all, "[t]he respondent to an 881 petition has not sought out the intrusion and does not derive any benefit from it . . . Equity requires that the owner compelled to grant access should not have to bear any costs resulting from the access" (*North 7-8 Invs.*, 43 Misc 3d at 628; *see also Matter of 25 Tenants Corp. v 7 Sutton Sq., LLC*, 2015 NY Slip Op 30526[U], *3 [Sup Ct, NY County 2015]). In the circumstances presented here, where the granted license will entail substantial interference with the use and enjoyment of the neighboring property during the planned 30-month period, thus decreasing the value of the property during that time, it was an improvident exercise of discretion to postpone until the end of the three-year license period the matter of the fees to which respondents must be entitled.

Petitioner's payment to respondents for development or air rights does not eliminate respondents' rights to a fee for the impact on them as a result of the RPAPL 881 license.

The court had the authority to order a bond (*see e.g. North 7-8 Invs.*, 43 Misc 3d at 633), even though respondents were covered by petitioner's insurance (*see 125 W. 21st LLC v ARC Assoc. GP LLC*, 2007 NY Slip Op 31658[U], *7 [Sup Ct, NY County 2007]). It was particularly appropriate for the court to order a bond since it had postponed the issue of license fees. Since the bond secures both possible damages and the payment of the license fees, in view of our remand for the purpose of awarding license fees to respondent, it may be necessary for Supreme Court to revisit the amount of the bond.

It was not an improvident exercise of discretion for the court to award attorneys' fees to all three sets of respondents, each with its own counsel, instead of limiting them to one set of attorneys' fees. Similarly, it was not an improvident exercise of discretion for the court to decline to set strict temporal limits

on the attorneys' fees. However, our decision does not prevent petitioner from arguing to the special referee and/or the court that "fees on fees" are being improperly awarded. Concur— Renwick, J.P., Andrias, Saxe and Richter, JJ.