In the Matter of VAN DORN HOLDINGS, LLC, Appellant, v 152 W. 58TH OWNERS CORP. et al., Respondents. [52 NYS3d 316]—

Order and judgment (one paper), Supreme Court, New York County (Kathryn E. Freed, J.), entered on or about August 22, 2016, which insofar as appealed from as limited by the briefs, in this proceeding pursuant to RPAPL 881, ordered petitioner to pay respondent David Fallarino a monthly license fee of $2,000 from February through September 2016, ordered petitioner to pay a $500 penalty for each day beyond the term of the license that its work is not completed, and awarded respondents attorneys' and engineers' fees, unanimously modified, on the facts and in the exercise of discretion, to vacate, with leave to renew, the $500 penalty for each day beyond the license term that petitioner fails to complete its work, or to seek such other available relief as respondent deems appropriate, and otherwise affirmed, without costs.

RPAPL 881 provides: "When an owner or lessee seeks to make improvements or repairs to real property so situated that such improvements or repairs cannot be made by the owner or lessee without entering the premises of an adjoining owner or his lessee, and permission so to enter has been refused, the owner or lessee seeking to make such improvements or repairs may commence a special proceeding for a license so to enter pursuant to article four of the civil practice law and rules. The petition and affidavits, if any, shall state the facts making such entry necessary and the date or dates on which entry is sought. Such license shall be granted by the court in an appropriate case upon such terms as justice requires. The licensee shall be liable to the adjoining owner or his lessee for actual damages occurring as a result of the entry." "Although the determination of whether to award a license fee is discretionary, in that RPAPL 881 provides that a 'license shall be granted by the court in an appropriate case *upon such terms as justice requires,*' the grant of licenses pursuant to RPAPL 881 often warrants the award of contemporaneous license fees" (*DDG Warren LLC v Assouline Ritz 1, LLC*, 138 AD3d 539, 539-540 [1st Dept 2016] [parenthetical omitted]). This is because " '[t]he respondent to an 881 petition has not sought out the intrusion

and does not derive any benefit from it . . . Equity requires that the owner compelled to grant access should not have to bear any costs resulting from the access' " (*id.* at 540, quoting *Matter of North 7-8 Invs., LLC v Newgarden,* 43 Misc 3d 623, 628 [Sup Ct, Kings County 2014]).

Here, Supreme Court did not abuse its discretion in requiring petitioner to pay respondent Fallarino a license fee where the necessary repairs to petitioner's building will deprive Fallarino of the use of a portion of his property. Notwithstanding that petitioner's intrusion was for the purpose of repairs, as opposed to new or elective construction, Fallarino should not have to bear the loss uncompensated (*id.*). Supreme Court also did not abuse its discretion in granting respondents attorneys' and engineers' fees. "A property owner compelled to grant a license should not be put in a position of either having to incur the costs of a design professional to ensure petitioner's work will not endanger his property, or having to grant access without being able to conduct a meaningful review of petitioner's plans" (*Matter of North 7-8 Invs.,* 43 Misc 3d at 630).

However, we modify so much of the order as imposed a $500 daily penalty on petitioner for each day beyond the license term that work is not completed, to instead allow respondents, if the work is not completed within the license period, to move for a determination of the proper amount of any penalty, or increase or continuation of the licensing fee, or any other relief available to them (*see Snyder v 122 E. 78th St. NY LLC,* 2014 NY Slip Op 32940[U], *15 [Sup Ct, NY County 2014] [awarding monthly license fee of $3,000 "to be substantially increased if the work is not completed within four months"]). Concur—Renwick, J.P., Manzanet-Daniels, Kapnick and Webber, JJ.