Matter of New York Pub. Lib. v Condominium Bd. of the Fifth Ave. Tower (2019 NY Slip Op 02045)





Matter of New York Pub. Lib. v Condominium Bd. of the Fifth Ave. Tower


2019 NY Slip Op 02045


Decided on March 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2019

Sweeny, J.P., Webber, Gesmer, Singh, JJ.


8749 157703/17

[*1]In re New York Public Library, et al., Petitioners-Respondents,
v
Condominium Board of the Fifth Avenue Tower, Respondent-Appellant.


Boyd Richards Parker & Colonnelli, New York (Gary Ehrlich of counsel), for appellant.
Tannenbaum Helpern Syracuse & Hirschtritt LLP, New York (Maryann C. Stallone and Amanda M. Leone of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Arlene P. Bluth, J.), entered December 14, 2017, in this proceeding pursuant to RPAPL 881, granting petitioners New York Public Library, Astor Lenox and Tilden Foundations (collectively, NYPL) a license to access and/or enter the premises of respondent Condominium Board of the Fifth Avenue Tower (the Condo) for purposes of erecting certain protective work in the Condo's plaza from the date of judgment through December 31, 2019, and denying the Condo's request for license fees, unanimously modified, on the facts and in the exercise of discretion, to the extent of granting the Condo's request for a license fee and remanding for a hearing to determine a reasonable license fee, and otherwise affirmed, without costs.
The court providently exercised its discretion in granting NYPL a license pursuant to RPAPL 881, because the inconvenience to the Condo is relatively slight compared to the hardship to NYPL if the license were not granted, and NYPL showed that it was prepared to do all that was feasible to avoid injuries resulting from its entry to the Condo (see Matter of Board of Mgrs. of Artisan Lofts Condominium v Moskowitz, 114 AD3d 491, 492 [1st Dept 2014]; Mindel v Phoenix Owners Corp., 210 AD2d 167, 167 [1st Dept 1994], lv denied 85 NY2d 811 [1995]).
Although the determination of whether to award a license fee is discretionary, the grant of a license pursuant to RPAPL 881 often warrants the award of contemporaneous license fees, because an "owner compelled to grant access should not have to bear any costs resulting from the access" (Matter of Van Dorn Holdings, LLC v 152 W. 58th Owners Corp., 149 AD3d 518, 519 [1st Dept 2017]). Here, the Condo showed that it had previously been inconvenienced for over six years by NYPL's use of the Plaza pursuant to a license, and that the grant of a license would entail interference with the residents' use and enjoyment of the Condo, as well as a reduction in the resale and rental value of the Condo's units. In light of this showing, it was an
improvident exercise of discretion to deny a license fee (see id.; DDG Warren LLC v Assouline Ritz 1, LLC, 138 AD3d 539, 539-540 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 19, 2019
CLERK