Matter of Tsoumpas 1105 Lexington Equities, LLC v 1109 Lexington Ave. LLC (2020 NY Slip Op 07481)





Matter of Tsoumpas 1105 Lexington Equities, LLC v 1109 Lexington Ave. LLC


2020 NY Slip Op 07481


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

Before: Friedman, J.P., Kapnick, Webber, Kern, Singh, JJ. 


Index No. 152129/19 Appeal No. 12596-12596A Case No. 2019-5620 2019-5621 

[*1]In the Matter of Tsoumpas 1105 Lexington Equities, LLC, Petitioner-Respondent,
v
1109 Lexington Avenue LLC, Respondent-Appellant. 


Judith M. Brener, New York (David L. Hamill of counsel), for appellant.
Klein Slowik PLLC, New York (Mikhail Sheynker of counsel), for respondent.



Orders, Supreme Court, New York County (Eileen A. Rakower, J.), entered June 10, 2019, which granted a month-to-month license to petitioner under RPAPL 881, and granted petitioner's motion to amend the caption, unanimously affirmed, without costs.
The terms of the license granted by the motion court were reasonable. RPAPL 881 gives the motion court the discretion to craft an appropriate remedy "upon such terms as justice requires" (see e.g. Matter of Van Dorn Holdings, LLC v 152 W. 58th Owners Corp., 149 AD3d 518, 518-519 [1st Dept 2017]). Respondent fails to identify any prejudice arising from a month-to-month license term, for which it will be duly compensated, and nothing in the court's determination would preclude respondent from seeking additional relief as future circumstances require (id.). Unlike Matter of Tory Burch LLC v Moskowitz (146 AD3d 528 [1st Dept 2017]), petitioner here has submitted detailed site safety plans and proof that the stop work orders had been rescinded. As for the order granting leave to amend the caption, contrary to respondent's contention, CPLR 305(c) and 3025(b) contemplate the correction of scrivener's errors, such as the misnomer in the petition, where the court's jurisdiction is unaffected and the opposing party suffered no prejudice (Houghtalen v Norstar Bank, 191 AD2d 371 [1st Dept 1993]; Lopez v No Kit Realty Corp., 254 AD2d 155, 156 [1st Dept 1998]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2020