Matter of Panasia Estate, Inc. v 29 W. 19 Condominium (2022 NY Slip Op 00975)





Matter of Panasia Estate, Inc. v 29 W. 19 Condominium


2022 NY Slip Op 00975


Decided on February 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta
Sallie Manzanet-Daniels Lizbeth González Manuel Mendez Julio Rodriguez III


Index No. 157851/19 Appeal No. 15061-62 Case No. 2020-01463, 2020-04587, 2021-00542 

[*1]In the Matter of Panasia Estate, Inc., Petitioner-Appellant-Respondent,
v
29 West 19 Condominium, et al., Respondents-Respondents-Appellants, MKF Realty Corp., Respondent-Respondent.



Petitioner appeals, and certain respondents cross appeal from the order of the Supreme Court, New York County (Eileen A. Rakower, J.), entered January 15, 2020, which, inter alia, granted petitioner a license pursuant to Real Property Actions and Proceedings Law § 881 to enter respondents' properties to conduct a pre-construction survey and install certain protections; ordered petitioner to post a bond in the amount of $1,000,000 and to provide proof that respondents have been added as additional insureds under the terms of the relevant insurance policy; ordered petitioner to pay monthly license fees to respondent MKF Realty Corp., the individual respondents Lauren Cipicchio and Daniel Day, and the owner of the first-floor terrace in the building located at 29 West 19th Street, New York, NY; ordered petitioner to pay MKF engineering fees of $40,500; and ordered petitioner to pay respondent 29 West 19 Condominium and the individual respondents (together, the 29 Condominium respondents) $10,000 in attorneys' fees and $3,500 in engineering fees. Petitioner also appeals from an order, same court and Justice, entered September 29, 2020, insofar as it denied petitioner's motion for renewal.




Tuttle Yick LLP, New York (Peter C. Dee, David Skillman, Eli Raider and Alexander D. Tuttle of counsel), and Robinson Brog Leinwand Greene Genovese & Gluck P.C., New York (John D. DErcole of counsel), for appellant-respondent.
Armstrong Teasdale LLP, New York (Dale J. Degenshein and Thomas V. Juneau, Jr., of counsel), for respondents-appellants.
Van Leer & Greenberg, New York (Evan D. Van Leer-Greenberg, Howard B. Greenberg and Matthew D. Van Leer-Greenberg of counsel), for respondent.



ACOSTA, P.J.


These appeals stem from a proceeding pursuant to Real Property Actions and Proceedings Law (RPAPL) § 881 for a license to enter adjoining property. Petitioner Panasia Estate, Inc. is the owner of the building located at 33 West 19th Street in Manhattan. Respondent 29 West 19 Condominium (29 Condominium) is an unincorporated association that operates the condominium building that abuts petitioner's building to the east and has six unit owners and a ground floor commercial space. Respondents Lauren Cipicchio and Daniel Daly are the owners of the penthouse unit in the 29 Condominium building, whose unit includes 1,730 square feet of terrace space, including a rooftop terrace abutting petitioner's building. Respondent MKF Realty is the owner of the building abutting petitioner's property to the west, which consists of five apartments and a ground floor commercial space. All three buildings are six stories tall.
Petitioner seeks to improve its property by the addition of two stories containing 15,000 square feet of commercial office space, which will take up to three years to construct. In connection with its planned improvements, petitioner sought access to respondents' adjoining properties to perform a pre-construction survey and install overhead protection[*2], roof protection, and flashing on respondents' properties and an outrigger and netting system above portions of the properties to protect the properties.
After negotiations over a license to enter and engineering and attorneys' fees stalled, petitioner commenced this proceeding. After conducting a hearing, the court issued the order under review, which granted petitioner a license to conduct a pre-construction survey and install the overhead and roof protections, flashing, and outrigger and netting system, and to swing scaffolding. The court ordered petitioner, inter alia, to pay a monthly license fee of $3,000 to Daly and Cippichio, increasing to $4,000 after 12 months and $7,000 after 24 months, for interference with the use of their terrace; a monthly license fee of $1,000 to the nonparty first-floor unit owner of the 29 Condominium, increasing to $1,250 after 12 months and $2,000 after 24 months, for interference with the use of his terrace; and a monthly license fee of $1,200 to MKF, increasing to $1,600 after 12 months and $3,200 after 24 months, to be split among three residential tenants with roof access and the commercial tenant; to reimburse the 29 Condominium and Daly and Cipicchio $10,000 for attorneys' fees and $3,500 for engineering fees and MKF $15,278.36 for attorneys' fees and $40,500 for engineering fees; to post a bond in the amount of $1,000,000; and to provide proof that respondents have been added as additional insureds on "the relevant insurance policy."
Petitioner appeals from the order to the extent it ordered petitioner to pay monthly license fees and respondent's engineering and attorneys' fees in connection with the license and to post a bond in the amount of $1,000,000.
Respondents 29 Condominium and Daly and Cipicchio appeal from the orders to the extent the motion court declined to order a term for the license, to order petitioner to pay the professional fees they incurred in connection with the license, to refer the matter for a hearing on their attorneys' fees, to grant 29 Condominium a license fee, and to specify terms of the insurance that petitioner was required to procure.
Petitioner contends that RPAPL 881 does not authorize awards of license fees, attorneys' fees, or engineering or other design professional fees. We disagree.
RPAPL 881 provides:
"When an owner or lessee seeks to make improvements or repairs to real property so situated that such improvements or repairs cannot be made by the owner or lessee without entering the premises of an adjoining owner or his lessee, and permission so to enter has been refused, the owner or lessee seeking to make such improvements or repairs may commence a special proceeding for a license so to enter pursuant to article four of the civil practice law and rules. Such license shall be granted by the court in an appropriate case upon such terms as justice requires. The licensee shall be liable to the adjoining owner or his lessee for actual damages occurring as a [*3]result of the entry" (emphasis added).
Petitioner argues that the statutory authority to issue a license "upon such terms as justice requires" cannot be interpreted to authorize license fees, counsel fees, or other professional fees not explicitly authorized, because the statute specifically provides for liability for "actual damages" only. Petitioner contends that absence from the statute's legislative history of any mention of a monetary remedy other than actual damages is consistent with the American rule that parties to bear their own litigation expenses, since there is no fee-shifting provision in the statute.
Petitioner also maintains that public policy requires that RPAPL 881 be interpreted thus so that landowners will be encouraged to improve their properties without fear of being extorted by their neighbors.
These arguments are unavailing. What petitioner seeks is essentially to compel respondents to grant it a license on its own terms. However, as we have recognized, because "[t]he respondent to an 881 petition has not sought out the intrusion and does not derive any benefit from it . . . [e]quity requires that the owner compelled to grant access should not have to bear any costs resulting from the access" (DDG Warren LLC v Assouline Ritz 1, LLC, 138 AD3d 539, 540 [1st Dept 2016] [internal quotation marks omitted]; see Matter of Van Dorn Holdings, LLC v 152 W. 58th Owners Corp., 149 AD3d 518 [1st Dept 2017]). Thus, the grant of licenses pursuant to RPAPL 881 often warrants the award of contemporaneous license fees (DDG Warren, 138 AD3d at 540). Contrary to petitioner's contention that a license fee constitutes a windfall unless there are some actual damages, such as lost business, we have found that a license fee is warranted "where the granted license will entail substantial interference with the use and enjoyment of the neighboring property during the [license] period, thus decreasing the value of the property during that time" (DDG Warren, 138 AD3d at 540; see e.g. Matter of New York Pub. Lib. v Condominium Bd. of the Fifth Ave. Tower, 170 AD3d 544, 545 [1st Dept 2019]).
Similarly, a compulsory licensor should be entitled to reasonable attorneys' and engineering fees because:
"[a] property owner compelled to grant a license should not be put in a position of either having to incur the costs of a design professional to ensure petitioner's work will not endanger his property or having to grant access without being able to conduct a meaningful review of petitioner's plans" (Van Dorn Holdings, 149 AD3d at 519 [internal quotation marks omitted]).
Nevertheless, petitioner contends that this Court's jurisprudence granting fees as a condition of a license pursuant to RPAPL 881 has been wrongly decided because we did not undertake an analysis applying the American rule in the context of an RPAPL 881 proceeding. This argument is unavailing. The American rule deals with attorneys' fees only, not license fees or other professional fees. In [*4]any event, petitioner's reliance on the American rule is misplaced. Where the respondent in an RPAPL 881 proceeding has not refused access but rather seeks reasonable terms for access, attorneys' fees, including those incurred in opposing the petition, are not an incident of litigation but rather part of the process of negotiating a license agreement (Matter of North 7-8 Invs., LLC v Newgarden, 43 Misc 3d 623, 631 [Sup Ct, Kings County 2014]).
Unlike in other types of litigation, respondents in a special proceeding pursuant to RPAPL 881 are not accused of any wrongful conduct but are haled into court by a petitioner seeking access to their properties solely for its own benefit. That access can be extremely invasive: RPAPL 881 is designed to strike a balance between the petitioner's interest in improving its property and the harm to the adjoining property owner's enjoyment of its property.
Petitioner further contends that Supreme Court abused its discretion in granting MKF engineering fees of $40,500 as anticipated in a proposal from its engineer and that the amount was unreasonable. Because no evidentiary basis exists for granting the anticipated fees (MKF $40,500 in engineering fees and the 29 Condominium respondents $10,000 in attorneys' fees and $3,500 in engineering fees), we vacate those awards and grant MKF reimbursement for engineering fees it incurs in connection with petitioner's license, in an amount to be determined, and the 29 Condominium respondents reimbursement for engineering and attorneys' fees they incur in connection with petitioner's license, in an amount to be determined.[FN1]
Insofar as the purpose of a license fee is to compensate for loss of enjoyment and diminution in value due to loss of use, the license fee escalations imposed on petitioner appear to be punitive and, therefore, unwarranted.
We further modify to order that the license is granted for a period of 24 months and to direct petitioner to timely commence the project and proceed diligently, and we remand to Supreme Court to specify the applicable insurance, including policy limits, that petitioner is required to procure in favor of respondents.
Accordingly, the order of the Supreme Court, New York County (Eileen A. Rakower, J.), entered January 15, 2020, which, inter alia, granted petitioner a license pursuant to Real Property Actions and Proceedings Law § 881 to enter respondents' properties to conduct a pre-construction survey and install certain protections; ordered petitioner to post a bond in the amount of $1,000,000 and to provide proof that respondents have been added as additional insureds under the terms of the relevant insurance policy; ordered petitioner to pay monthly license fees to respondent MKF Realty Corp., the individual respondents Lauren Cipicchio and Daniel Day, and the owner of the first-floor terrace in the building located at 29 West 19th Street, New York, NY; ordered petitioner to pay MKF engineering fees of $40,500; and ordered petitioner [*5]to pay respondent 29 West 19 Condominium and the individual respondents (together, the 29 Condominium respondents) $10,000 in attorneys' fees and $3,500 in engineering fees, should be modified, on the law and the facts and in the exercise of discretion, to limit the license period to 24 months and to direct petitioner to timely commence the project and proceed diligently; to vacate the escalation of the license fees after 12 and 24 months, the grant to MKF of engineering fees of $40,500, and the grant to the 29 Condominium respondents of engineering fees of $3,500 and attorneys' fees of $10,000; to grant MKF and the 29 Condominium respondents reimbursement for engineering fees they incur in connection with petitioner's license, in amounts to be determined; to grant the 29 Condominium respondents attorneys' fees they incur in connection with petitioner's license, in an amount to be determined; and to remand to Supreme Court to specify the applicable insurance, including policy limits, that petitioner is required to procure in favor of respondents, and otherwise affirmed, without costs. The order, same court and Justice, entered September 29, 2020, insofar
as it denied petitioner's motion for renewal, should be affirmed, and appeal therefrom insofar as it denied reargument dismissed, without costs, as taken from a nonappealable order.
Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered January 15, 2020, which, inter alia, granted petitioner a license pursuant to Real Property Actions and Proceedings Law, affirmed, without costs. The order, same court and Justice, entered September 29, 2020, insofar as it denied petitioner's motion for renewal, affirmed and appeal therefrom insofar as it denied reargument dismissed, without costs, as taken from a nonappealable order.
Opinion by Ascota, P.J. All concur.
Acosta, P.J., Manzanet-Daniels, González, Mendez, Rodriguez, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2022



Footnotes

Footnote 1: As MKF acknowledges, Supreme Court subsequently vacated the award of engineering fees and ordered petitioner to pay engineering costs "as the services are needed, rendered and for which they are paid."