**CMCSSG 221E48, LLC v Brigette Assoc., LLC**

2024 NY Slip Op 30433(U)

February 9, 2024

Supreme Court, New York County

Docket Number: Index No. 153335/2023

Judge: Shahabuddeen Abid Ally

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. SHAHABUDDEEN ABID ALLY**
_Justice_

PART **16TR**

---------------------------------------------------------------X

CMCSSG 221E48, LLC,

Petitioner,

- v -

BRIGETTE ASSOCIATES, LLC,

Respondent.

---------------------------------------------------------------X

INDEX NO. 153335/2023

MOTION DATE 10/18/2023

MOTION SEQ. NO. 002

**DECISION + ORDER**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 62—68, 70-76 were read on this motion to/for       RENEW/REARGUE/RESETTLE/RECONSIDER       .

In a Decision and Order dated August 2, 2023 ("August 2 Order"), this Court granted petitioner's application for a license pursuant to RPAPL § 881. The August 2 Order provided, _inter alia,_ for petitioner to pay a license fee and architects' fees but denied respondent's request for reasonable attorneys' fees. Respondent now moves pursuant to CPLR § 2221 for an order granting leave to reargue the portion of the August 2 Order that denied attorneys' fees and, upon reargument, granting respondent's request for reasonable attorneys' fees. Petitioner opposes. Upon the above cited papers, respondent's motion is granted to the extent set forth below.

A motion pursuant to CPLR § 2221 is addressed to the sound discretion of the court (_Opton Handlier Gottlieb Feiler Landau & Hirsch v Patel_, 203 AD2d 72 [1st Dept 1994]; _William P. Pahl Equipment Corp v Kassis_, 182 AD2d 22 [1st Dept 1992]). A motion to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the previous motion" (CPLR § 2221[d][2]). Such motion, however, "is not to serve as a vehicle to

[* 1]

permit the unsuccessful party to argue once again the very questions previously decided" (*Foley v Roche*, 68 AD2d 558 [1st Dept 1979]).

Respondent contends that in denying reasonable attorneys' fees, this Court overlooked the common practice in the First Department requiring petitioners to pay attorneys' fees incurred by respondents in connection with RPAPL § 881 proceedings and related negotiations. After review of the case law, the Court agrees. While generally, what is known as the "American rule" requires each party to litigation to be responsible for its own respective attorneys' fees, in an RPAPL § 881 proceeding where the respondent has sought reasonable terms for access "attorneys' fees, including those incurred in opposing the petition, are not an incident of the litigation but rather part of the process of negotiating a license agreement" (*Matter of Panasia Estate, Inc. v 29 W. 19 Condominium*, 204 AD3d 33, 38 [1st Dept 2022]). This practice is consistent with the general policy, observed by this Court in the August 2 Order, that because "the respondent to an 881 petition has not sought out the intrusion and does not derive any benefit from it . . . Equity requires that the owner compelled to grant access should not have to bear any costs resulting from the access" (*DDG Warren LC v Assouline Ritz I, LLC*, 138 AD3d 539, 539-540 [1st Dept 2016], internal quotation marks omitted; *see Matter of Van Dorn Holdings, LLC v 152 W. 58th Owners Corp.*, 149 AD3d 518 [1st Dept 2017]). Accordingly, the Court finds that here, where petitioner has sought not to bar all access but has rather disputed the terms under which access is provided, awarding such reasonable attorneys' fees is warranted.

Petitioner's opposition rests primarily on its position that respondent's objections to the license have been made in bad faith. Petitioner argues that respondent unnecessarily complicated this litigation by raising items outside the scope of the license or making unwarranted and unreasonable demands. Respondent has not, however, provided any authority that indicates an

**153335/2023 CMCSSG 221E48, LLC V BRIGETTE ASSOCIATES, LLC**
**Motion No. 002**

[* 2]

award of *reasonable* attorneys' fees in this instance would not be proper. To the extent petitioner argues that certain fees incurred are not reasonable, and as respondent did not set forth a specific amount of fees sought in its moving papers, the Court finds it appropriate for the amount of attorneys' fees to be determined at a hearing before a Judicial Hearing Officer/Special Referee.

Based on the foregoing, it is hereby:

**ORDERED** that respondent's motion for leave to reargue is granted; and it is further

**ORDERED** that August 2 Order is vacated *only to the extent that* respondent's request for reasonable attorneys' fees is granted; and it is further

**ORDERED** that a Judicial Hearing Officer ("JHO") or Special Referee shall be designated to determine the issue of reasonable attorneys' fees to be awarded to respondent pursuant to the above decision, which issue is hereby submitted to the JHO/Special Referee to hear and determine; and it is further

**ORDERED** that the powers of the JHO/Special Referee shall not be limited beyond the limitations set forth in the CPLR; and it is further

**ORDERED** that this matter is hereby referred to the Special Referee Clerk for placement at the earliest possible date upon the calendar of the Special Referees Part (Part SRP), which, in accordance with the Rules of that Part (which are posted on the website of this court at www.nycourst.gov/supctmanh at the "References" link), shall assign this matter at the initial appearance to an available JHO/Special Referee to determine as specified above; and it is further

**ORDERED** that counsel shall immediately consult one another and counsel for petitioner shall, within 15 days from the date of this Order, submit to the Special Referee Clerk by e-mail an Information Sheet (accessible at the "References" link on the court's website) containing all the information called for therein and that, as soon as practical thereafter, the

**153335/2023 CMCSSG 221E48, LLC V BRIGETTE ASSOCIATES, LLC
Motion No. 002**

Page 3 of 4

Special Referee Clerk shall advise counsel for the parties of the date fixed for the appearance of the matter upon the calendar of the Special Referees Part; and it is further

**ORDERED** that on the initial appearance in the Special Referees Part the parties shall appear for a pre-hearing conference before the assigned JHO/Special Referee and the date for the hearing shall be fixed at that conference; the parties need not appear at the conference with all witnesses and evidence; and it is further

**ORDERED** that, except as otherwise directed by the assigned JHO/special Referee for good cause shown, the trial of the issue(s) specified above shall proceed from day to day until completion and counsel must arrange their schedules and those of their witnesses accordingly; and it is further

**ORDERED** that counsel shall file memoranda or other documents directed to the assigned JHO/Special Referee in accordance with the Uniform Rules of the Judicial Hearing Officers and the Special Referees (available at the "References" link on the court's website) by filing same with the New York State Courts Electronic Filing System (see Rule 2 of the Uniform Rules); and it is further

**ORDERED** that all other aspects of the August 2 Order remain in full force and effect; and it is further

**ORDERED** that any requested relief not expressly granted herein is denied.

This constitutes the decision and order of the Court.

| 2/9/2024 | | |
|---|---|---|
| DATE | | SHAHABUDDEEN ABID ALLY, A.J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | X | REFERENCE |

153335/2023 CMCSSG 221E48, LLC V BRIGETTE ASSOCIATES, LLC
**Motion No. 002**

**Page 4 of 4**

[* 4]