## 660 Lexington Ave. Dev. LLC v NYC 55 Corp.

2024 NY Slip Op 32233(U)

July 2, 2024

Supreme Court, New York County

Docket Number: Index No. 150236/2023

Judge: Denise M. Dominguez

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | **HON. DENISE M DOMINGUEZ** | PART 35M |
| | *Justice* | |

------------------------------------------------------------------X

660 LEXINGTON AVENUE DEVELOPMENT LLC

Petitioner

- v -

NYC 55 CORP

Respondent

------------------------------------------------------------------X

INDEX NO.     150236/2023

MOTION SEQ. NO.     001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 11, 12, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26

were read on this motion to/for     JUDGMENT – DECLARATORY    .

For the reasons that follow the request by Petitioner to remove an encroachment and convert this proceeding to a license are denied.

Petitioner moves pursuant to CPLR Art. 4 and Real Property Actions and Proceedings Law (RPAPL) to compel Respondent to remove a portion of a sidewalk shed Respondent erected on a public sidewalk partially in front of Petitioner's building. Petitioner also seeks converting part of this proceeding into a license pursuant to RPAPL §881 that would allow for fees to Petitioner. Respondent opposes.

Although Petitioner commenced this matter as a special proceeding pursuant to CPLR Article 4, RPAPL §871 permits an *action* rather than a special proceeding to be commenced when seeking an injunction directing the removal of structures encroaching upon another's property. However, the proceedings shall not be dismissed solely because it is not brought in the proper form (CPLR 103). Accordingly, this proceeding is converted into an action (CPLR 103).

## Background

Petitioner alleges that it owns a building at 656-660 Lexington Avenue, a/k/a 133 East 55th Street, in Manhattan. Respondent alleges owning the adjacent property, a building at 127 East 55th Street.

Per the Affidavit of Carlos Casanova, Respondent's General Manager, ("Casanova Aff."), in 2021 Respondent needed to perform façade work pursuant to the New York City Department of Buildings ("DOB") and in accordance with Local Law 11 and FISP. Respondent alleges that to safely perform the work, Respondent's engineer, Patuxent Engineering, LLC, created a façade restoration plan which included the erection of a sidewalk shed in compliance with Local Law 11. A permit for the erection of the sidewalk shed was obtained and the sidewalk shed was erected in May of 2022.

By letter dated June 21, 2022, counsel on behalf of Petitioner sought the removal of the sidewalk shed (referred to in the letter as a sidewalk scaffold) or demanded a license agreement. (NYSCEF Doc. 5, 21). By letter dated August 5, 2022, counsel on behalf of Respondent responded that as the sidewalk shed was required by Local Law 11, it would not be removed and that there was no requirement for an access agreement (NYSCEF Doc. 6, 22).

As of February 8, 2023, Respondent alleges that that portion of the sidewalk shed that extended to Petitioner's property was removed, as depicted in a July 2023 photo (NYSCEF Doc. 17, 18).

## Request for Injunctive Relief as per RPAPL §871

Here it is undisputed that the sidewalk shed was erected on a public sidewalk as a requirement per the DOB and Local Law 11. Additionally, it is also uncontroverted that Respondent did not seek Petitioner's permission or a license, prior to erecting the sidewalk shed,

**150236/2023  660 LEXINGTON AVENUE DEVELOPMENT LLC vs. NYC 55 CORP**
**Motion No. 001**

**Page 2 of 4**

2 of 4

[* 2]

which was partially erected on the public sidewalk abutting Petitioner's property. It is also uncontroverted that the subject sidewalk shed was removed while this proceeding was pending.

As the sidewalk shed was removed during the pendency of this action, the branch of the motion which seeks injunctive relief for the removal of the shed is denied as moot (*see eg. Krakovski v. Stavros Assocs., LLC*, 173 AD.3d 1146 [2d Dept 2019]). Further, based on the papers, even if the shed was not removed, Petitioner did not demonstrate that the benefit to be gained by compelling the removal would outweigh the harm to Respondent in not complying with city rules and regulations nor that the encroachment upon Petitioner property was more than *de minimis* (*Broser v. Schubach*, 85 AD3d 957 [2d Dept 2011]; *see also City of New York v. 330 Cont'l LLC*, 60 AD3d 226 [1st Dept. 2009]; *Nobu Next Door, LLC v. Fine Arts Hous., Inc.*, 4 NY3d 839 [2005]).

### *Request for License as per RPAPL §881*

Pursuant to RPAPL §881, a court may "convert" an action for injunctive relief into a proceeding for a license when an owner or lessee seeks to make improvements or repair to its real property and must enter the adjoining property to do so (*see Mindel v. Phoenix Owners Corp.*, 210 AD2d 167 [1st Dept.1994]; CPLR 103[c]).

Here Petitioner argues that Respondent should have moved for a licence and requests this Court make the conversion. Petitioner relies upon *DDG Warren LLC v. Assouline Ritz 1, LLC*, 138 AD3d 539 [1st Dept 2016] and *Matter of Van Dorn Holdings, LLC v. 152 W. 58th Owners Corp.*, 149 AD3d 518 [1st Dept 2017].

Yet unlike in *DDG Warren LLC and Matter of Van Dorn Holdings, LLC*, Petitioner a has not established a trespass. *In DDG Warren LLC*, the trespass did not involve a shed on a public sidewalk abutting the neighboring property. Rather, the repairs required access and use of the

150236/2023  660 LEXINGTON AVENUE DEVELOPMENT LLC vs. NYC 55 CORP
Motion No. 001

Page 3 of 4

neighboring residential property including a ground floor apartment with an outdoor garden and a penthouse unit that caused a "substantial interference with the use and enjoyment of the neighboring property" Similarly, in *Matter of Van Dorn Holdings, LLC*, the trespass did not constitute a sidewalk shed but access to the neighboring property to erect a scaffold in the adjacent courtyard. Accordingly, the request pursuant to RPAPL 881 is denied.

Therefore, it is hereby

ORDERED that the action is denied in its entirety and dismissed; and it is further

ORDERED that Petitioner serve all partied and the Clerk of the Court with notice of entry within 20 days.

This constitutes the Decision and Order of the court.

| 7/2/2024 | | | | | DENISE M DOMINGUEZ, J.S.C. | |
|----------|---|---|---|---|---|---|
| DATE | | | | | | |

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|------------|---|---------------|---|---|---|----------------------|---|---|
| | | GRANTED | | DENIED | | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

150236/2023 660 LEXINGTON AVENUE DEVELOPMENT LLC vs. NYC 55 CORP          Page 4 of 4
Motion No. 001

4 of 4