Matter of BG Sutphin Owner, LLC v Singh (2024 NY Slip Op 05976)

Matter of BG Sutphin Owner, LLC v Singh

2024 NY Slip Op 05976

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2023-00415
 (Index No. 717386/22)

[*1]In the Matter of BG Sutphin Owner, LLC, et al., appellants, 
v
Dorothy Singh, respondent.

Tuttle Yick LLP, New York, NY (Eli D. Raider of counsel), for appellants.

DECISION & ORDER
In a proceeding pursuant to RPAPL 881 for a license to temporarily enter premises owned by Dorothy Singh for the purpose of demolishing an existing building and constructing a new building on the adjacent property, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Allan B. Weiss, J.), entered November 30, 2022. The order and judgment, insofar as appealed from, directed the petitioners to pay Dorothy Singh a monthly license fee in the sum of $8,000.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine the amount of the license fee, if any, in accordance herewith, and for the entry of an appropriate amended order and judgment thereafter.
The petitioner BG Sutphin Owner, LLC (hereinafter Sutphin), the owner of certain commercial property located in Queens, and the petitioner Community Healthcare Network commenced this proceeding pursuant to RPAPL 881 against Dorothy Singh, the owner of residential property adjacent to the commercial property, for a license to temporarily enter Singh's property. The petitioners alleged, inter alia, that they needed the license to access Singh's property for a period of up to 36 months to conduct a pre-construction survey and install certain required protections in order to demolish the existing structure on Sutphin's property and construct a 15-story mixed-use building. According to the petitioners, the proposed improvements require, among other things, that certain access and construction safety devices be erected on Singh's property, including a fence, scaffolding and/or sidewalk sheds both on the property and in its air space, and roof protection, and that some of the construction work be performed from Singh's rear yard. Singh failed to oppose the petition. In an order and judgment entered November 30, 2022, the Supreme Court granted the petition upon the condition, among others, that the petitioners pay Singh a monthly license fee in the sum of $8,000. The petitioners appeal from so much of the order and judgment as directed them to pay Singh a monthly license fee in the sum of $8,000.
"Although the determination of whether to award a license fee is discretionary, the grant of a license pursuant to RPAPL 881 often warrants the award of contemporaneous license fees, because an 'owner compelled to grant access should not have to bear any costs resulting from the access'" (Matter of New York Pub. Lib. v Condominium Bd. of the Fifth Ave. Tower, 170 AD3d 544, 545, quoting Matter of Van Dorn Holdings, LLC v 152 W. 58th Owners Corp., 149 AD3d 518, 519). A license fee is warranted "'where the granted license will entail substantial interference with the [*2]use and enjoyment of the neighboring property during the [license] period, thus decreasing the value of the property during that time'" (Matter of Panasia Estate, Inc. v 29 W. 19 Condominium, 204 AD3d 33, 37, quoting DDG Warren LLC v Assouline Ritz 1, LLC, 138 AD3d 539, 540).
Here, although the Supreme Court providently exercised its discretion in determining that a license fee was warranted, the petitioners' submissions in support of the petition do not support the court's determination as to the amount of that fee (see e.g. Matter of Thomas Anthony Holdings LLC v Goodbody, 216 AD3d 538, 540; DDG Warren LLC v Assouline Ritz 1, LLC, 138 AD3d at 540). Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing on the issue of the amount of the license fee, at which additional submissions may be considered, and a new determination of the amount of the license fee thereafter.
The petitioners' remaining contentions are improperly raised for the first time on appeal.
DUFFY, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court