**Matter of CMCSSG 221E48, LLC v Brigette Assoc., LLC**

2025 NY Slip Op 30983(U)

March 26, 2025

Supreme Court, New York County

Docket Number: Index No. 153335/2023

Judge: Shahabuddeen A. Ally

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   HON. SHAHABUDDEEN A. ALLY          PART 16M
                          *Justice*

---

In the Matter of

CMCSSG 221E48, LLC,

                                        Petitioner,

For a Judgment Pursuant to RPAPL 881 for Access to
Adjoining Property

                    -against-

BRIGETTE ASSOCIATES, LLC,

                                        Respondent.

| | |
|---|---|
| INDEX NO. | 153335/2023 |
| MOTION DATE | 11/17/2024 |
| MOTION SEQ. NO. | 004 |

## DECISION & ORDER

---

The following e-filed documents, listed by NYSCEF document number, were read
on this motion (Seq. No. 4) to **RPAPL § 881**: 157-172

In this special proceeding, which was commenced on April 12, 2023, pursuant to Verified Petition, petitioner CMCSSG 221E48, LLC ("Petitioner") sought a license, pursuant to Real Property Actions and Proceedings Law ("RPAPL") § 881, to access the property of respondent BRIGETTE ASSOCIATES, LLC ("Respondent") for the purpose of carrying out planned renovations upon Petitioner's own adjoining property.

On August 2, 2023, the Court found that Petitioner had met its burden under RPAPL § 881 and authorized a license to perform work at Respondent's property. (NYSCEF Doc. 161 (the "First Order")) The Court further held that Respondent was entitled to a license fee for this access and to reasonable architects' and other necessary professional fees incurred that related to the license and the protective work. (*Id.*) On February 21, 2024, the Court granted Petitioner's request to extend the RPAPL § 881 license from December 15, 2023, to May 15, 2024. (NYSCEF Doc. 162 (the "Second Order")) On April 24, 2024, the Court issued an order clarifying that the license applied to Petitioner's extension and modification of the flue identified in the order. (NYSCEF Doc. 163

---

153335/2023 CMCSSG 221E48, LLC v. Brigette Associates, LLC          Page 1 of 5
Mot. Seq. No. 004

(the "Third Order")) This flue allegedly goes through Petitioner's building but serves Respondent's building.

Because the work contemplated under the license agreement was not completed by May 15, 2024, the date of the license's expiration, the parties agreed to a $200 per diem fee for any continued work.

On November 17, 2024, Respondent filed the instant motion (Mot. Seq. No. 4), requesting (1) an order directing Petitioner to pay Respondent a money judgment of $5,800.00 for the unpaid license fee, (2) a money judgment in the amount of reasonable attorney's fees for litigation arising from this matter, and (3) for further relief as the court may deem just, proper, and equitable.

On November 27, 2023, Petitioner submitted opposition to the motion, asking that the Court deny both Respondent's request for the alleged unpaid license fees and for an award of attorney's fees, and it further requested an award of its own attorney's fees related to defending against the motion.

The Court assumes familiarity with its prior orders and with the all prior proceedings had herein.

RPAPL § 881 provides:

> When an owner or lessee seeks to make improvements or repairs to real property so situated that such improvements or repairs cannot be made by the owner or lessee without entering the premises of an adjoining owner or his lessee, and permission so to enter has been refused, the owner or lessee seeking to make such improvements or repairs may commence a special proceeding for a license so to enter pursuant to article four of the civil practice law and rules . . . Such license shall be granted by the court in an appropriate case upon such terms as justice requires.

While the statute grants temporary access to the adjoining property, it does not authorize the erection of a permanent encroachment upon said property. *See Foceri v. Fazio*, 306 N.Y.S.2d 1016, 1018 (1969). "The statute contemplates a temporary license not a permanent easement." *Sunrise Jewish Ctr. of Valley Stream, Inc. v. Lipko*, 305 N.Y.S.2d 597, 599-600 (1969).

Courts recognize that "[t]he respondent to an 881 petition has not sought out the intrusion and does not derive any benefit from it . . . [e]quity requires that the owner compelled to grant access should not have to bear any costs resulting from the access." *North 7-8 Investors, LLC v. Newgarden*, 982 N.Y.S.2d 704, 709 (2014). As a result, the grant of a RPAPL § 881 license typically

153335/2023 CMCSSG 221E48, LLC v. Brigette Associates, LLC
Mot. Seq. No. 004

Page 2 of 5

also warrants an award of contemporaneous license fees "where the granted license will entail substantial interference with the use and enjoyment of the neighboring property during the [license] period, thus decreasing the value of the property during that time." *DDG Warren LLC v. Assouline Ritz 1*, LLC, 138 A.D.3d 539, 540 (1st Dep't 2016). Though licensing fees are within the discretion of the Court, these grants are specifically awarded based upon the premise that a respondent deprived of the use of their property pursuant to a RPAPL § 881 license "should not have to bear the loss uncompensated." *Van Dorn Holdings, LLC v. 152 W. 58th Owners Corp.*, 149 A.D.3d 518, 519 (1st Dep't 2017). However, as RPAPL § 881 authorizes the award of license fees "upon such terms as justice requires," these fees may not be applied punitively, but instead must "compensate for loss of enjoyment and diminution in value due to loss of use." *Panasia Estate, Inc. v. 29 West 19 Condominium*, 204 A.D.3d 33, 39 (1st Dep't 2022).

Here, Respondent contends that Petitioner kept the "roof protections" up until June 13, 2024 (immediately after the completion of the flue extension and 29 days after the May 15, 2024, expiration of the license) and are therefore obligated to pay the agreed upon $200.00 per diem license fee for the entire 29-day period. Petitioner maintains that the protections were removed before the flue work began—on or about May 17, 2024—thereby nullifying the need for such a license or the associated license fees.

Petitioner argues that Respondent's claim that the protections remained up past May 17, 2024, stems from a misunderstanding concerning a series of emails from May and September 2024, wherein Petitioner's counsel communicated his apparently mistaken belief that the scaffolding was still installed as of May 20, 2024. Petitioner, however, submits photographs purportedly showing the premises sans scaffolding on May 16, 2024, and an affidavit from Chok Lei, the manager member of Petitioner, averring that Petitioner completed its work and removed its equipment and protective measures by May 17, 2024. (NYSCEF Doc. 168, 169) Mr. Lei avers that Petitioner completed work on the flue on June 11, 2024, and also notes that this delay was caused by Respondent, who allegedly informed Petitioner that they needed to wait until this date to access the flue from Respondent's property. As such, Petitioner claims that they are only obliged to pay $400 in license fees for the work carried out on May 16 and 17, 2024.

In response, Respondent insinuates that the dates on the photographs submitted by Petitioner may have been digitally altered to fit Petitioner's narrative. They, however, provide no

proof, only unfounded speculation. Maintaining that Petitioner's inactivity and "bad faith" caused the 29-day delay in work on the flue and that the scaffolding remained up until June 13, 2024, Respondent demands payment of $5,800.00 in license fees for the protective work and "ongoing nuisance" that allegedly occurred during this period.

The Court finds that Respondent has failed to adequately demonstrate that the protective work remained on its property after May 17, 2024.

Nevertheless, there is no dispute that Petitioner entered onto Respondent's property on June 11, 2024, to conduct work on the flue. Although that work was not, as Petitioner argues, related to the protective work addressed in the license agreement, it was still an access to Respondent's property for which compensation should be paid.

Therefore, the Court finds that Respondent is entitled to a license fee of $600, comprising $400 for the work performed on May 16 and 17, 2024, and $200 for the flue work performed on June 11, 2024.

Additionally, Respondent is awarded its reasonable attorney's fees incurred in connection with making the instant motion, *see DDG Warren LC v. Assouline Ritz I, LLC*, 138 A.D.3d 539, 539-40 (1st Dep't 2016), with such fees to be determined by a Judicial Hearing Officer ("JHO") or Special Referee.

Accordingly, it is hereby,

ORDERED that Respondent's motion for licensing fees and attorney's fees (Seq. No. 4) is GRANTED in part and DENIED in part as set forth herein; and it is further

ORDERED that the amount of reasonable attorneys' fees incurred by Respondent in connection with the making of the instant motion is hereby referred to a JHO or Special Referee to hear and report based on the rules of evidence; and it is further

ORDERED that Respondent shall serve a copy of this Decision and Order upon Petitioner the Clerk of the General Clerk's Office, and the Special Referee Clerk with notice of entry within twenty (20) days thereof; and it is further

ORDERED that service upon the Clerk of the General Clerk's Office and the Special Referee Clerk shall be made in accordance with the procedures set forth in the Protocol on

153335/2023 CMCSSG 221E48, LLC v. Brigette Associates, LLC
Mot. Seq. No. 004

[* 4]

Courthouse and County Clerk Procedures for Electronically Filed Cases (Revised August 15, 2019);[2] and it is further

ORDERED that any requested relief not expressly addressed herein has been considered and is denied; and it is further

ORDERED that the Clerk shall mark Motion Sequence 4 decided in all court records.

This constitutes the decision and order of the Court.

March 26, 2025
DATE                                              SHAHABUDDEEN A. ALLY, A.J.S.C.

| CHECK ONE: | | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|---|
| MOTION: | | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| CHECK IF APPROPRIATE: | | | SETTLE ORDER | | | X | SUBMIT ORDER | | STAY CASE |
| | | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

[2] The protocols are available at https://www.nycourts.gov/LegacyPDFS/courts/1jd/supctmanh/Efil-protocol.pdf.

153335/2023 CMCSSG 221E48, LLC v. Brigette Associates, LLC                    Page 5 of 5
Mot. Seq. No. 004