Matter of 268 W. 12th Owners Corp. v Kunst (2025 NY Slip Op 03526)

Matter of 268 W. 12th Owners Corp. v Kunst

2025 NY Slip Op 03526

Decided on June 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 10, 2025

Before: Moulton, J.P., González, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 154569/22|Appeal No. 4569|Case No. 2024-05160|

[*1]In the Matter of 268 West 12th Owners Corp., Petitioner-Respondent-Appellant,
v
Andica Kunst et al., Respondents-Appellants-Respondents.

Rasco Klock Perez & Nieto, LLC, New York (James Halter of counsel), for appellants-respondents.
Coritsidis & Lambros, PLLC, New York (Jeffrey A. Gangemi of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered on or about May 15, 2024, which, to the extent appealed from as limited by the briefs, granted petitioner a license under RPAPL 881; awarded respondents a license fee of $170 per day for the first 10 months and a fee of $240 per day for the next five months, increasing by $2 each day after the first day of the extended term; and directed petitioner to establish an escrow fund of $30,000 for repairs, unanimously affirmed, with costs.
Supreme Court providently awarded a license fee of $170 per day for the first 10 months, and directed petitioner to establish an escrow fund of $30,000 for repairs. The initial license fee properly "strike[s] a balance between the petitioner's interest in improving its property and the harm to the adjoining property owner's enjoyment of its property" (Matter of Panasia Estate, Inc. v 29 W. 19 Condominium, 204 AD3d 33, 38 [1st Dept 2022], lv dismissed 38 NY3d 1125 [2022]). Although respondents' contractor opined that a fee of $10,500 to $15,000 per month was appropriate based on the loss of respondents' garden, cultivated over decades, and the significant loss of natural light caused by the sidewalk shed the court's award was reasonable, given that respondents' proposed figures are not supported by comparables or a market-rate analysis (see Matter of 18 W. 55th St. LLC v Pleiades House LLC, 230 AD3d 990, 991 [1st Dept 2024]).
Supreme Court providently declined to hold respondents to their initial, pro se bargaining position and fashioned a license fee that took into account the parties' history, the degree of intrusion, and the extent of respondents' loss of use and enjoyment of their property. RPAPL 881 proceedings do not involve a "claim" that could be "compromise[d]," and therefore CPLR 4547 is not implicated here (see Matter of Panasia Estate, Inc., 204 AD3d at 38).
The court also providently awarded an increased license fee of $240 per day for the five-month extension period based on the parties' agreement that an escalation would apply after the initial license period (see e.g. 154 E. 62 LLC v Normanus Realty LLC, 235 AD3d 421, 423 [1st Dept 2025]; cf. Matter of Van Dorn Holdings, LLC v 152 W. 58th Owners Corp., 149 AD3d 518, 519 [1st Dept 2017]; see also Matter of Spence v Strauss Park Realty, LLC, 211 AD3d 446, 447 [1st Dept 2022]).
Supreme Court providently exercised its discretion in requiring petitioner to place $30,000 for repairs in escrow based on its history of performing unlicensed work and its previous attempts to perform work in respondents' air space without their permission (cf. DDG Warren LLC v Assouline Ritz 1, LLC, 138 AD3d 539, 540 [1st Dept 2016]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2025