■ EDWARD S. KANBAR et al., Appellants, v JOSEPH ARONOW · et al., Respondents. [688 NYS2d 28] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered January 21, 1998, which, insofar as appealed from, granted defendants' motions to dismiss the complaint, unanimously affirmed, without costs.

Plaintiffs' claim that the settlement agreement in the prior action, which bars their claims in this action, was induced by fraud is deficient in several respects. First, their allegations that, at the time of the settlement, the financing of the Mountain Spa project was not proceeding with Argosy "in accordance with the [Sommer-Argosy] agreements" as warranted in the settlement agreement, and indeed that defendant Sommer was then looking for sources of financing other than Argosy, are all asserted on information and belief, without disclosure of the sources of information that form the basis of the belief, and are therefore insufficient to show that Sommer was acting contrary to his settlement warranty (*see, Wall St. Transcript Corp. v Ziff Communications Co.*, 225 AD2d 322). Plaintiff Kanbar's affidavit that "various people" told him that Sommer was always in default in the Mountain Spa project suffers from the same deficiency, and the deposition of witness Heyer, a principal of Argosy, was not submitted to the motion court, and therefore should not be considered by this Court (CPLR 5226; *see, Scotto v Mei*, 219 AD2d 181, 183-184). In any event, Heyer never said that the Argosy funding was "dead" in early 1994, but merely that Argosy had ceased active involvement, which testimony does not tend to show that Sommer was not actively pursuing the funding, as represented, even if he might not have acquiesced to all of Argosy's demands. Second, the complaint does not allege the terms of Sommer's agreements with Argosy, and thus fails to show how he was in breach of the settlement promise to proceed in accordance with those agreements, the very terms of which express plaintiffs' awareness at the time of signing that funding might be obtained from another source. Third, inasmuch as plaintiffs had named Argosy as a defendant in the prior action, their admission that they were not in touch with Argosy at the time

of the settlement shows that they unreasonably failed to investigate the truth of the alleged misrepresentation. In any event, even if the settlement agreement were invalid, plaintiffs' claims are premature, and therefore nonjusticable, since they depend upon the establishment of valid agreements identified by plaintiffs as such as "may be proved" by the Aronow defendants in their pending actions against the Sommer/ Mountain Spa defendants (*see, American Ins. Assn. v Chu*, 64 NY2d 379, 385, *cert denied* 474 US 803). In addition, the causes of action for quantum meruit, interference with business relations and prima facie tort set forth nothing more than bare legal conclusions, and, as such, are patently insufficient (*see, Heller v Kurz*, 228 AD2d 263, 264; *WFB Telecommunications v NYNEX Corp.*, 188 AD2d 257, *lv denied* 81 NY2d 709). Concur—Rosenberger, J. P., Nardelli, Williams and Andrias, JJ.