■ LINCOLN PLACE LLC, Respondent, v RVP CONSULTING, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. MI-CHAEL A. PEKOFSKY, Esq., Third-Party Defendant-Appellant. [791 NYS2d 31]—

Order (denominated a decision, order and judgment), Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about December 10, 2003, which, inter alia, granted plaintiff landlord's cross motion for summary judgment on its first and second causes of action seeking damages for breach of a lease; order, same court and Justice, entered December 10, 2003, which, upon reargument, adhered to the court's prior determination dismissing defendants' counterclaims and denied defendants' motion to the extent it sought renewal; and order, same court and Justice, entered on or about December 10, 2003, which denied defendants' motion to amend their counterclaims, unanimously affirmed, without costs.

The lease between plaintiff and defendant RVP provided that defendant could designate a new lessee, without recourse, provided the designation was made prior to November 1, 1997. The lease also provided that defendant could sublease or "assign" its interest in the lease, in which case defendant would remain secondarily liable for the rent. On October 29, 1997, defendant sent a letter to plaintiff stating: "Please be advised that RVP Consultants is assigning its interest in the lease to Omega-Lincoln Place, LLC." The term "assigning" in the letter, particularly when viewed in light of the governing contract's unambiguous provisions, must be given its plain meaning (*see R/S Assoc. v New York Job Dev. Auth.*, 98 NY2d 29, 32-33 [2002]; *W.W.W. Assoc., Inc. v Giancontieri*, 77 NY2d 157, 162-163 [1990]) and, accordingly, the letter must be understood as advising plaintiff of an assignment, not a designation. While defendant and third-party defendant contend that the timing of the letter indicates an intention to designate a new tenant, the only reasonable reading of the lease is one that entitles plaintiff landlord to notice of any designation, which the landlord under the lease is deemed to have received "five (5) days after the time of deposit thereof in any branch of the United States Post Office." It is uncontested that the notice here was deposited in the post office on October 29, 1997, and thus did not become effective

before the November 1 deadline. Additionally, although an assignment required the landlord's permission and specified paperwork, plaintiff's failure to object to the form of the notice of assignment would, at most, have precluded plaintiff from objecting to the assignment in the future. It would not convert an unambiguous assignment into a designation. In any event, inquiries to determine the intent of the parties are not proper where the letter and the lease are unambiguous.

The court properly dismissed defendants' counterclaims which were, essentially, bare legal conclusions (see Kanbar v Aronow, 260 AD2d 182 [1999]). Defendants' claim for fraudulent inducement cites nothing more than statements of future intentions or expressions of hope, which are not actionable (see Brett Fabrics, Inc. v Garan, Inc., 170 AD2d 253, 254 [1991], lv denied 77 NY2d 810 [1991]). Their claims of interference with contract are insufficient since they are not based upon contracts to which they were parties and do not allege wrongful means by plaintiff, except in the most conclusory of terms (see Foster v Churchill, 87 NY2d 744, 749-750 [1996]; WFB Telecommunications, Inc. v NYNEX Corp., 188 AD2d 257 [1992], lv denied 81 NY2d 709 [1993]). Defendants lack standing to assert counterclaims on behalf of their assignee, Omega-Lincoln Place, LLC.

Defendants' proposed amendments did not render their counterclaims viable. Concur—Buckley, P.J., Mazzarelli, Ellerin, Williams and Sweeny, JJ.