■ Guy J. Jacobson, Respondent, v Steven Croman et al., Appellants, et al., Nominal Defendant. [26 NYS3d 470]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered August 29, 2014, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the first, second, third, fourth, sixth, seventh, ninth and tenth causes of action, unanimously modified, on the law, to grant the motion as to the sixth and ninth causes of action, and otherwise affirmed, without costs.

With respect to the sixth cause of action, alleging fraudulent inducement, plaintiff does not allege, and the record does not contain any evidence, that defendant Steven Croman promised to construct a hotel on the property. The complaint alleges and plaintiff testified only that Croman "made representations and promises" that he "would . . . desire" to build a hotel. Such statements of future intentions or expressions of hope are not actionable (see *Lincoln Place LLC v RVP Consulting, Inc.*, 16 AD3d 123, 124 [1st Dept 2005]).

The ninth cause of action, seeking a permanent injunction against construction of a residential apartment building on the property, is moot. The construction has already been completed, and plaintiff does not oppose dismissal of this cause of action.

With respect to the remaining causes of action at issue on this appeal, which were timely and properly asserted, issues of fact exist as to whether defendants' alleged conduct in failing to develop the property breached any fiduciary duties or contractual obligations and whether any such breaches entitled plaintiff to refuse to comply with the provision of the operating agreement allowing defendants to buy out his interest at fair market value. Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.