Matter of Meopta Props. II, LLC v Pacheco (2020 NY Slip Op 04232)





Matter of Meopta Props. II, LLC v Pacheco


2020 NY Slip Op 04232


Decided on July 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 23, 2020

Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, JJ.


11453 157339/18

[*1] In re Meopta Properties II, LLC, Petitioner-Respondent,
v
Ana Maria Pacheco, Respondent-Appellant.


Davidoff Hutcher & Citron LLP, New York (Andrew K. Rafalaf of counsel), for appellant.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered January 9, 2019, which, pursuant to RPAPL 881, granted petitioner a 60-day license to enter respondent's adjoining property to perform remedial and protective exterior work, unanimously affirmed, without costs.
In weighing the interests of the parties, we find that granting petitioner a 60-day license to access a limited exterior portion of respondent's property for the purpose of performing remedial and protective construction work is reasonable and that any inconvenience to respondent will be slight compared to the hardship to both parties if the license is refused (see Matter of Board of Mgrs. of Artisan Lofts Condominium v Moskowitz, 114 AD3d 491 [1st Dept 2014]; RPAPL 881).
Although no license fee was granted, the court ordered petitioner to obtain and maintain insurance to protect respondent's property interests. RPAPL 881 merely makes the licensee "liable . . . for actual damages occurring as a result of the entry." If respondent incurs actual damages, she will have a cause of action against petitioner under the statute (see Sunrise Jewish Ctr. of Val. Stream v Lipko, 61 Misc 2d 673, 676-677 [Sup Ct, Nassau County 1969]). The court did not abuse its discretion in declining to award attorneys' and expert's fees under the circumstances of this case.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 23, 2020
CLERK