Matter of 400 E57 Fee Owner LLC v 405 E. 56th St. LLC (2021 NY Slip Op 02587)





Matter of 400 E57 Fee Owner LLC v 405 E. 56th St. LLC


2021 NY Slip Op 02587


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Webber, J.P., Singh, González, Shulman, JJ. 


Index No. 155009/20 Appeal No. 13701 Case No. 2020-04261 

[*1]In the Matter of 400 E57 Fee Owner LLC, Petitioner-Respondent,
v
405 East 56th Street LLC, Respondent-Appellant.


Judith M. Brener, New York (Bension D. DeFunis of counsel), for appellant.
Meister Seelig & Fein LLP, New York (Howard S. Koh of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about October 16, 2020, which, inter alia, granted petitioner 400 E57 Fee Owner LLC a license pursuant to RPAPL 881 to enter the property of respondent 405 East 56th Street LLC to install overhead roof and terrace protections in connection with faÇade work being done to petitioner's building, unanimously reversed, on the law, with costs, the order vacated, and the matter remanded for further proceedings.
Supreme Court improvidently granted petitioner's application for access to respondent's neighboring property in order to effectuate repairs to petitioner's property pursuant to RPAPL 881. "Although the determination of whether to award a license fee is discretionary, in that RPAPL 881 provides that a 'license shall be granted by the court in an appropriate case upon such terms as justice requires,' the grant of licenses pursuant to RPAPL 881 often warrants the award of contemporaneous license fees" (DDG Warren LLC v Assouline Ritz 1, LLC, 138 AD3d 539, 539-540 [1st Dept 2016]). This is because "'the respondent to an 881 petition has not sought out the intrusion and does not derive any benefit from it. . .Equity requires that the owner compelled to grant access should not have to bear any costs resulting from the access'" (id. at 540 [internal quotation marks omitted]). Furthermore, "[c]ourts are required to balance the interests of the parties and should issue a license when necessary, under reasonable conditions, and where the inconvenience to the adjacent property owner is relatively slight compared to the hardship of his neighbor if the license is refused" (Matter of Board of Mgrs. of Artisan Lofts Condominium v Moskowitz, 114 AD3d 491, 492 [1st Dept 2014] [internal quotation marks omitted]).
In granting access, Supreme Court permitted petitioner to designate a controlled access zone and to place roof protection on respondent's terraces. The roof protection petitioner seeks to install is placed directly on top of the floors of respondent's terraces and according to respondent would completely prohibit the tenants of the terraced apartments from using any portion of their terraces. Prior to the granting petitioner's application, Supreme Court must consider and resolve the issue as to whether there are less intrusive and equally effective methods of roof protection (id.).
Given the above, Supreme Court must also reconsider the license fees and rent abatement awarded in favor of respondent, in addition to the award of future prevailing
party fees, Petitioner's concession that it does need to access the interior of respondent's building also warrants that the portion of the court's order that granted interior access must be stricken.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021