Matter of Thomas Anthony Holdings LLC v Goodbody (2023 NY Slip Op 02748)

Matter of Thomas Anthony Holdings LLC v Goodbody

2023 NY Slip Op 02748

Decided on May 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 18, 2023

Before: Manzanet-Daniels, J.P., Kapnick, González, Shulman, Higgitt, JJ. 

Index No. 157008/21 Appeal No. 284 Case No. 2022-00775 

[*1]In the Matter of Thomas Anthony Holdings LLC, Petitioner-Appellant,
v
Bridget Goodbody et al., Respondents-Respondents.

Tuttle Yick LLP, New York (Eli D. Raider of counsel), for appellant.
Kane Kessler, P.C., New York (Dana M. Susman of counsel), for respondents.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered February 1, 2022, which denied petitioner Thomas Anthony Holdings LLC's motion for a temporary license pursuant to RPAPL 881 to access respondents' adjoining property to install temporary overhead, rooftop, and chimney protections on their building, unanimously modified, on the law, to vacate the denial of the motion and to remand the matter for a hearing and further proceedings consistent herewith, and otherwise affirmed, without costs.
RPAPL 881 allows a property owner to petition for a license to enter the premises of an adjoining owner when such entry is necessary for making improvements or repairs to the petitioner's property and the adjoining owners have refused such access. The statute is designed to strike a balance between the petitioner's interest in improving its property and the harm to the adjoining property owner's enjoyment of its property (see Matter of Panasia Estate, Inc. v 29 W. 19 Condominium, 204 AD3d 33, 38 [1st Dept 2022], lv dismissed 38 NY3d 1125 [2022]).
In support of its motion for immediate issuance of an access license, petitioner submitted, among other things, an affidavit of its construction manager and a site safety plan. Petitioner's evidence established that protective work was necessary to remove a protective "cocoon" it had installed on its own property and to finish the faÇade pursuant to applicable provisions of the Building Code, or else the renovation project could not be completed, and that such work required petitioner to have access to respondents' property. Petitioner further established that respondents had denied it access to their property after extended negotiations. In opposition, respondents acknowledged that petitioner needs access to their property, but submitted engineers' affidavits finding petitioner's site safety plan inadequate, specifically concerning the description of overhead, rooftop, and chimney protection, and asserting that petitioner's work had already caused damage and unsafe conditions. Petitioner then submitted a revised site safety plan that depicts the plan for the overhead protection, without any accompanying explanation.
Although petitioner established its need for limited, reasonable access to respondents' property and respondents' refusal to provide access, the court providently exercised its discretion in denying the application on the papers, because petitioner failed to provide adequate or sufficiently specific information concerning the temporary overhead, chimney, and rooftop protections at issue to ensure protection of respondents' interests (see Mindel v Phoenix Owners Corp., 210 AD2d 167, 167 [1st Dept 1994], lv denied 85 NY2d 811 [1995]; Pav-Lak Industries, Inc. v Wilshire Ltd., 2009 NY Slip Op 33110[U], *4-5 [Sup Ct, NY County 2009]). However, the appropriate remedy was not to deny the petition outright, but to resolve those issues, as well as the appropriate conditions to protect respondents' [*2]interests and the amount of any license fee, following a hearing at which additional information, including the revised safety plan may be considered (see e.g. Matter of 400 E57 Fee Owner LLC v 405 E. 56th St. LLC, 193 AD3d 626, 627 [1st Dept 2021]; Deutsche Bank Trust v 120 Greenwich Dev. Assocs., 7 Misc 3d 1006[A] [Sup Ct, NY County 2005]).
Accordingly, the matter is remanded for a hearing to resolve those issues, as well as the issue of the appropriate license fee and other protections for respondents' interests.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2023