Sharp v Ferrante Law Firm (2023 NY Slip Op 05383)

Sharp v Ferrante Law Firm

2023 NY Slip Op 05383

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Kern, J.P., Singh, Gesmer, Scarpulla, O'Neill Levy, JJ. 

Index No. 155297/22 Appeal No. 887 Case No. 2023-01745 

[*1]Rhiyen Sharp, Plaintiff-Appellant,
v
Ferrante Law Firm et al., Defendants-Respondents.

McCallion & Associates LLP, New York (Kenneth F. McCallion of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York (Peter T. Shapiro of counsel), for respondents.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered April 6, 2023, which, to the extent appealed from, granted defendants Ferrante Law Firm and Frank Ferrante, Jr.'s CPLR 3211(a) motion to dismiss the amended complaint, unanimously affirmed, without costs.
The motion court incorrectly applied the doctrine of collateral estoppel to preclude plaintiff's legalmalpractice claim, as plaintiff's attorney-client relationship with defendants was not the issue determined in the arbitration between plaintiff and plaintiff's former employer, Industry Model Group LLC d/b/a Industry Model Management (IMM). Nevertheless, the malpractice claim mustbedismissed because it is time-barred. Plaintiff confirmed in the amended complaint that the allegedattorney-client relationship ended as of July 10, 2018. Therefore, the statute of limitations for plaintiff's malpractice claim expired in July 2021, three years after the attorney-client relationship ended (see CPLR 214[6]). As plaintiff did not commence this action until June 23, 2022, the malpractice claim is time-barred. Even if the malpractice claim was timely, it should be dismissed because plaintiff failed to allege any negligence on the part of defendants in connection with the July 2018 correspondence (to assist plaintiff's re-entry into the United States), or that it harmed him.
Plaintiff's second cause of action for conspiracy to defraud was also properly dismissed. Plaintiff failed to properly plead a conspiracy to defraud claim. The complaint alleges that defendants and IMM secretly agreed to induce plaintiff to commit to employment for a three-year term by drafting and inducing him to sign the subject contract, while concealing their "secret understanding" that IMM would be free to terminate plaintiff at any time without cause. However, as "[a] mere conspiracy to commit a [tort] is never of itself a cause of action" (Alexander & Alexander of N.Y. v Fritzen, 68 NY2d 968, 969 [1986] [internal quotation marks omitted]), plaintiff was required to plead the elements of the underlying fraud claim (see Eurycleia Partners, LP Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]), which he failed to do. Plaintiff does not allege any facts to show or suggest that IMM told or consulted defendants about their decision to fire plaintiff, much less that defendants orchestrated the scheme. Absent those required well-pleaded facts, plaintiff's accusation of fraud amounts to
nothing more than "bare legal conclusions," and his fraud claim must be dismissed (Lincoln Place LLC v RVP Consulting, Inc., 16 AD3d 123, 124 [1st Dept 2005]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023