Matter of 1643 First LLC v 1645 1st Ave. LLC (2024 NY Slip Op 01111)

Matter of 1643 First LLC v 1645 1st Ave. LLC

2024 NY Slip Op 01111

Decided on February 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 29, 2024

Before: Kapnick, J.P., Kennedy, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 157759/21 Appeal No. 1259-1260 Case No. 2022-02108 2022-02371 

[*1]In the Matter of 1643 First LLC, et al., Petitioners,
v
1645 1st Ave. LLC, Respondent-Appellant. In the Matter of 350 East 86 LLC, Petitioner-Respondent,

Petrocelli Law, PLLC, New York (Maya K. Petrocelli of counsel), for appellant.
Rivkin Radler LLP, New York (Henry Mascia of counsel), for respondent.

Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered April 12, 2022, insofar as appealed from as limited by the briefs, granting petitioner 350 East 86 LLC a temporary license pursuant to RPAPL 881 to access respondent 1645 1st Ave. LLC's property in order to perform a preconstruction survey and install protections in connection with the demolition work being performed at petitioner's buildings, without awarding respondent reimbursement of its attorneys' and expert fees and conditioning the license on indemnity for third-party liability beyond the amount of insurance, unanimously modified, on the law, to the extent of striking paragraph 5, on page 4, of the judgment and replacing it, nunc pro tunc, with the original indemnity provision included in the proposed license annexed to the petition, remanding for reconsideration of the fee issue in accordance with this decision, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about March 30, 2022, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
RPAPL 881 allows a property owner to petition for a license to enter the premises of an adjoining owner when entry is necessary for making improvements or repairs to the petitioner's property and the adjoining owners have refused access. The statute is designed to strike a balance between the petitioner's interest in improving its property and the harm to the adjoining property owner's enjoyment of its property (see Matter of Panasia Estate, Inc. v 29 W. 19 Condominium, 204 AD3d 33, 38 [1st Dept 2022], lv dismissed 38 NY3d 1125 [2022]), and it gives the motion court the discretion to craft an appropriate remedy in connection with license and access "upon such terms as justice requires" (Matter of Tsoumpas 1105 Lexington Equities, LLC v 1109 Lexington Ave. LLC, 189 AD3d 524, 525 [1st Dept 2020]). Since a respondent compelled to grant access under RPAPL 881 does not seek out the intrusion and does not derive any benefit from it, equity requires that the respondent should not have to bear any costs resulting from the access (see Matter of Van Dorn Holdings, LLC v 152 W. 58th Owners Corp., 149 AD3d 518, 518-519 [1st Dept 2017]).
Here, respondent correctly argues that the judgment's indemnity provision provides indemnification for third-party damage claims only "to the extent covered by insurance," which unreasonably fails to shift the full risk to petitioner as is appropriate under RPAPL 881. Thus, paragraph 5 of the judgment should be replaced with the broader indemnity provision petitioner included in the initial proposed license it annexed to the petition. This will ensure that petitioner bears the costs in the event there is any third-party liability that is "not covered by insurance" or that is in excess of any insurance limits.
While equity requires a court to award an RPAPL 881 respondent its reasonable technical experts' fees and attorneys' fees (see Matter [*2]of Panasia Estate, 204 AD3d at 36-38), a court may providently exercise its discretion to deny the award of such fees in certain cases (see Matter of Spence v Strauss Park Realty, LLC, 211 AD3d 446, 447 [1st Dept 2022]; Matter of Meopta Props. II, LLC v Pacheco, 185 AD3d 511, 512 [1st Dept 2020]).
Here, the court denied the fee request in its entirety "in accordance with the order," which did not specify the reasoning for the denial. The matter is remanded on this issue, with the court directed to grant respondent's "reasonable professional fees and attorneys' fees," and to deny recovery only to the extent fees were unreasonably incurred and in order to redress the prejudice caused to petitioner by respondent's litigation errors and any other misconduct it identifies. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 29, 2024