Matter of 18 W. 55th St. LLC v Pleiades House LLC (2024 NY Slip Op 04437)

Matter of 18 W. 55th St. LLC v Pleiades House LLC

2024 NY Slip Op 04437

Decided on September 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 12, 2024

Before: Oing, J.P., Friedman, González, Rodriguez, O'Neill Levy, JJ. 

Index No. 154692/22 Appeal No. 2529 Case No. 2022-05676 

[*1]In the Matter of 18 West 55th Street LLC, et al., Petitioners-Respondents,
v
Pleiades House LLC, Respondent-Appellant.

Tuttle Yick LLP, New York (Alexander Banzhaf of counsel), for appellant.
Cozen O'Connor, New York (Kerry T. Cooperman of counsel), for respondents.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about November 23, 2022, which, to the extent appealed from as limited by the briefs, granted petitioners access to the property of respondent Pleiades House LLC upon payment of a $4,500 per month fee, and declined to direct petitioners to provide protections to the retractable rooftop and front terrace beyond those required under the New York City Building Code, to award respondent certain engineering and professional fees, or to order petitioners to abide by any specific quiet hours in connection with its application for a license, unanimously affirmed, without costs.
Supreme Court providently awarded petitioners a license with a license fee of $4,500 per month under RPAPL 881. Although respondent contends that the fee was inappropriately low, respondent failed to offer any specific documentary evidence or expert testimony as to the actual value of the property, the diminution in value caused by petitioners' construction project, or any evidence of the costs it potentially could bear in relation to the project. Thus, in the absence of evidence of "substantial interference" or the specific "costs resulting from the access," the license fee of $4,500 per month awarded to respondent did not constitute an abuse of Supreme Court's discretion (Matter of Panasia Estate, Inc. v 29 W. 19 Condominium, 204 AD3d 33, 37 [1st Dept 2022] [internal quotation marks omitted], lv dismissed 38 NY3d 1125 [2022]).
Supreme Court also properly declined to order protections to the retractable roof and terrace beyond those required by the New York City Building Code. Petitioners agreed to follow Department of Buildings (DOB) Technical Policy and Procedure Notice 10/88, which requires construction monitoring of historic buildings, together with New York City Building Code (Administrative Code of City of NY, title 28, ch 7) §§ BC 3309.4.4 and 3309.10, which provide specific guidelines to protect historic buildings. Supreme Court considered and rejected the contention that further protections are required (see Matter of 400 E57 Fee Owner LLC v 405 E. 56th St. LLC, 193 AD3d 626, 626 [1st Dept 2021]). In addition, respondent has an administrative remedy available to it by seeking an order from the DOB for additional protection — a remedy it had not sought at the time of the hearing (see NY City Bldg Code § BC 3309.10).
As to respondent's request for additional attorney and professional fees, "a court may providently exercise its discretion to deny the award of such fees in certain cases" (Matter of 1643 First LLC v 1645 1st Ave. LLC, 224 AD3d 623, 624-625 [1st Dept 2024]). After granting petitioners a license, the court ordered a hearing to determine the terms of the license. At the hearing, respondent waited until closing arguments to raise the issue of attorney and professional fees despite having ample notice that this issue would be determined at the hearing. Moreover, respondent provided no [*2]invoices to support the additional amounts requested. The court noted the lack of evidentiary basis for an additional fee award and properly refused to speculate as to what additional amounts might be due. Accordingly, we find that the court did not abuse its discretion in declining to award additional fees under the circumstances of this case.
As to respondent's request for "quiet hours" during the musical events and dinners hosted at the building, this request, raised for the first time in closing arguments, also was providently denied. At the hearing, respondent presented no witness testimony or evidence of how often the events and dinners were held and whether they would be affected by the construction, nor does respondent provide any further details for this request, other than referring to a 21-day notice provision in a draft settlement agreement. Without evidence reflecting these considerations, there was no basis for the court to fashion an award that strains the bounds of a license agreement ordered under RPAPL 881, which chiefly relates to access, site protection, and reimbursement for loss of use. To the extent respondent incurs actual costs associated with a loss of use for which the parties cannot reach an agreement, respondent may seek court intervention to resolve the issue (see Matter of Thomas Anthony Holdings LLC v Goodbody, 216 AD3d 538, 540 [1st Dept 2023]). Although respondent maintains that no evidence was presented at the hearing because the parties had reached an agreement as to those terms, nothing in the record reflects any resolved or agreed-upon terms aside from those the parties discussed on the record at the hearing.
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 12, 2024