## Matter of 140 Lexington Ave. LLC v ANB Realty Corp.

2026 NY Slip Op 30102(U)

January 6, 2026

Supreme Court, New York County

Docket Number: Index No. 156542/2025

Judge: Phaedra F. Perry-Bond

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. PHAEDRA F. PERRY-BOND**        PART        35

*Justice*

-----------------------------------------------------------------------X

In the Matter of the Application of
140 LEXINGTON AVENUE LLC,

Petitioner,

- v -

ANB REALTY CORP.,

Respondent.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156542/2025 |
| MOTION DATE | 05/20/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION  +  ORDER  ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 11, 12, 13, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 63, 68, 70, 71, 72, 73, 74, 75

were read on this motion to/for                ACCESS TO REAL PROPERTY                                          .


## BACKGROUND

Petitioner, 140 Lexington Avenue LLC (Petitioner), the owner of real property located at 140 Lexington Avenue (Property), brings this special proceeding pursuant to Real Property Actions and Proceedings Law (RPAPL) § 881 to obtain a temporary license for a period of twelve (12) months to enter the adjacent premises, located at 142 Lexington Avenue (Adjacent Property). Petitioner requests such relief in order to perform protection work and monitoring, which is required by applicable law, including building code of the City of New York (Code) and the New York City Department of Buildings (DOB) regulations. Petitioner seeks to construct a new 7-story mixed use building with a cellar level on the Property (the Project), that will require excavation and major construction. The protection work, as required by the DOB, is outlined in a site safety plan (SSP) (NYSCEF 9), and is necessary to protect neighbors and the public generally.

[* 1]

Specifically, Petitioner seeks to: (1) install survey markers on the exterior of the Adjacent Property; (2) install crack monitors on any existing cracks to record current crack size and void dimensions on the exterior of the Adjacent Property and take periodic readings; and (3) install vibration monitors as required by Code to make periodic readings. Petitioner also seeks to install and maintain roof and overhead protections using a lightweight scaffold frame over the Adjacent Property, extending from the common property line over the Adjacent Property, once the Project reaches the first floor of the Adjacent Property, and sidewalk sheds as required by the Code and DOB regulations (Overhead Protection) (NYSCEF 1).

Respondent, ANB Realty Corp. (Respondent), initially entertained discussions with Petitioner regarding the Project and the Petitioner's request for access to the Adjacent Property in 2022. The parties continued discussions into 2023, and negotiations were ongoing. However, the parties were ultimately unable to reach a license agreement. Petitioner claims that despite its good faith efforts and repeated attempts to negotiate a mutually beneficial agreement between the parties, the Respondent has refused to grant Petitioner access and continues to do so today. While Petitioner was granted limited access to the Adjacent Property to conduct a visual Inspection, Petitioner claims that no additional access has been granted by Respondent. However, a pre-construction report summarizing the visual inspection is submitted with Petitioner's application (NYSCEF 8).

Respondent now opposes the Petitioner's request for a license and alleges Petitioner is engaged in a predatory construction scheme to cause cracks in the Adjacent Property to cause it to be demolished.[1] Respondent further alleges that Petitioner purchased the Property knowing it can't be built on, and that Petitioner is violating Respondent's Fourteenth Amendment rights in pursuing

---

[1] Respondent alleges Petitioner has already caused cracks to the Adjacent Property.

**156542/2025  140 LEX LLC vs. ANB REALTY CORP.**                          **Page 2 of 9**
**Motion No.  001**

its application for a license for access. As such, Respondent requests that the court issue a mandate vacating DOB's permits for Petitioner's excavation and construction of the Property, if the foundation is deeper than 4 feet, or compel Petitioner to withdraw its applications to the DOB for excavation and construction of a high-rise building on the Property. Alternatively, should the court grant Petitioner a temporary license, Respondent requests a pre-funded bond of $30 million dollars, to be held in escrow for the duration of the construction (NYSCEF 18).[2]

Here, Petitioner argues that to move forward with its Project, it needs access to the Adjacent Property for the purposes of performing periodic inspections, placing monitoring equipment, and erecting necessary protective measures, including windows, roof, and overhead protections at and in the airspace above the Adjacent Property. Petitioner further argues it is also required to install, maintain, and view monitoring systems, including but not limited to seismic monitors, crack gauges and the like, in a manner prescribed by Code, DOB regulations, and in accordance with the Monitoring Plan (Monitoring Systems). Therefore, as the Property directly abuts the Adjacent Property, Petitioner contends that there is no safe and legal way to construct the building without access to the Adjacent Property to implement these necessary protective measures. As such, Petitioner asserts it will be irreparably harmed if it is not granted a temporary license to access the Adjacent Property, as the Project cannot move forward if Petitioner cannot comply with all applicable laws and regulations.

LEGAL DISCUSSION

Pursuant to RPAPL § 881:

> "When an owner or lessee seeks to make improvements or repairs to real
> property so situated that such improvements or repairs cannot be made by
> the owner or lessee without entering the premises of an adjoining owner or
> his lessee, and permission so to enter has been refused, the owner or lessee

---

[2] Respondent's standing argument was previously disposed of by stipulation (*see*, NYSCEF 65). As such, the court does not address it here.

**156542/2025   140 LEX LLC vs. ANB REALTY CORP.**                    **Page 3 of 9**
**Motion No. 001**

3 of 9

seeking to make such improvements or repairs may commence a special proceeding for a license so to enter pursuant to article four of the civil practice law and rules. The petition and affidavits, if any, shall state the facts making such entry necessary and the date or dates on which entry is sought. Such license shall be granted by the court in an appropriate case upon such terms as justice requires. The licensee shall be liable to the adjoining owner or his lessee for actual damages occurring as a result of the entry."

In determining whether to grant Petitioner a license pursuant to RPAPL § 881, the court must apply a "standard of reasonableness" (*Board of Managers of Artisan Lofts Condo. v. Moskowitz*, 114 AD3d 491, 492 [1st Dept 2014]). A license under RPAPL § 881 should be granted "when necessary, under reasonable conditions, and where the inconvenience to the adjacent property owner is relatively slight compared to the hardship of his neighbor if the license is refused" (*Id.; see also,* (*Matter of 400 E57 Fee Owner LLC v 405 E. 56th Street LLC,* 193 AD3d 626, 626 [1st Dept 2021]).

The factors a court should consider for granting a license under RPAPL § 881, are:

> "the nature and extent of the requested access, the duration of the access, the protections to the adjoining property that are needed, the lack of an alternative means to perform the work, the public interest in the completion of the project, and the measures in place to ensure the financial compensation of the adjoining owner for any damage and inconvenience resulting from the intrusion"

(*CUCS Housing Dev. Fund Corp. IV v Aymes*, 2019 NY Slip Op 30450 [U], *3 [Sup. Ct., NY County 2019] quoting *Queens College Special Projects Fund, Inc. v Newman*, 154 AD3d 943, 944 [2d Dept 2017]).

In this case, the Project, which is expected to last twelve months, is extensive as it will be a new construction with excavation. There is no dispute that the Property is currently a vacant lot, and that there is no alternative means to perform the Project without granting the temporary access Petitioner seeks. Furthermore, based on Petitioner's submissions, the DOB has already approved Petitioner's building plans, permits, and the SSP. However, Petitioner cannot begin construction

[* 4]

work prior to installation of the required monitoring equipment and protections of the Adjacent Property. RPAPL § 881 "is designed to strike a balance between the petitioner's interest in improving its property and the harm to the adjoining property owner's enjoyment of its property" (*154 E. 62 LLC v Normanus Realty LLC,* 235 AD3d 421, 423 [1st Dept 2025]) [internal quotations and citation omitted]).

While Respondent contends Petitioner is engaging in a predatory construction practice, requesting a license as a means to demolish the Adjacent Property, Respondent's contention is without merit. Here, Respondent offers no probative evidence or legal support in opposition to Petitioner's application to demonstrate that Respondent's building is at risk, or that Petitioner is acting maliciously in seeking a license for access. While Respondent vehemently opposes Petitioner's application, Respondent has not set forth any meaningful authority for denying Petitioner's request for access. In fact, Respondent asserts it is amenable to granting Petitioner a temporary license for access, on the condition that Respondent be monetarily compensated.

Based on the above, the court grants Petitioner a temporary license for access subject to Petitioner's procurement of insurance for the duration of the license period that names Respondent as an additional insured on its and its contractors and subcontractors general liability policies, with coverage of at least a $1 million per occurrence general commercial liability policy with an aggregate limit of $4,000,000, and a $10 million excess/umbrella policy for the project; indemnifying and holding Respondent harmless from and against all claims, losses, liabilities, damages, fines, liens, actions, judgments or costs resulting or arising from the construction at the Property or Petitioner's access to the Adjacent Property. Petitioner shall be strictly liable for any damage or injury suffered by Respondent resulting or arising from the construction at the Property or Petitioner's access to the Adjacent Property. Accordingly, any such damages are to be promptly

156542/2025   140 LEX LLC vs. ANB REALTY CORP.                          Page 5 of 9
Motion No. 001

5 of 9

paid and repaired at Petitioner's sole cost and expense (*see*, RPAPL § 881; *see also*, *Matter of Meopta Properties II, LLC v Pacheco*, 185 AD3d 511, 512 [1st Dept 2020]).

The Court finds that given the circumstances of this Petition, a just result requires a monthly license fee. "RPAPL § 881 provides that a license shall be granted by the court in an appropriate case upon such terms as justice requires" (*DDG Warren LLC v Assouline Ritz 1, LLC*, 138 AD3d 539, 540 [1st Dept 2016]). Therefore, the determination of whether to award a license fee is discretionary, and warranted "where the granted license will entail substantial interference with the use and enjoyment of the neighboring property during the [license] period, thus decreasing the value of the property during that time" (*Id.* at 540). Often, the grant of a license pursuant to RPAPL 881 warrants the award of contemporaneous license fees (*id.*).

Because Petitioner is engaging in a new, ground up construction, and this project may take a year or more, the Court finds a monthly license fee of $4,000 to be appropriate (*see also New York Public Library v Condominium Board of the Fifth Ave. Tower*, 170 AD3d 544, 545 [1st Dept 2019]). Although Petitioner claims the ongoing work will be minimally invasive to Respondent's property, the Petition concedes that overhead protection using a scaffold frame will be placed over Respondent's property, along with sidewalk sheds, horizontal and vertical netting, a suspended scaffold with pipe scaffolding during the finishing phase of construction, and will require other access to Respondent's property limited to the hours of 8:00 am to 6:00 pm from Monday through Saturday. Moreover, this monthly fee serves not only as an incentive for the work to be conducted in a timely and efficient manner, but also takes into consideration that the ongoing work impinging on Respondent's property may put some burden on its use and enjoyment while this extensive construction project is ongoing (*see, e.g. Panasia Estate, Inc. v 29 West 19 Condominium*, 204 AD3d 33, 36-37 [1st Dept 2022]; *DDG Warren LLC v Assouline Ritz 1, LLC*, 138 AD3d 539, 539-

540 [1st Dept 2016]). Therefore, the Court grants Respondent a monthly license fee of $4,000 during the duration of Petitioner's project.

Here, Respondent asserts a counter-claim alleging Petitioner has violated its Fourteenth Amendment rights. Specifically, Respondent pleads, "First Counterclaim Sounding in Deprivation of 's Fourteenth Amendment right and Liberties, including, Equal Due Process and Equal Protection of the Law by NYC DOB and NYS Courts Not using RPAPL 881 to Reward Unconstitutional Behavior of Guy Peleg and associates" (NYSCEF 18 ¶¶ 53-7). CPLR 3013 requires that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense". Here, Respondent's Kerouac-like pleading fails to state a viable cause of action, as the counter-claim pleads bare legal conclusions without any supporting facts. Accordingly, it is dismissed (*Lincoln Place LLC v RVP Consulting, Inc.*, 16 AD3d 123, 124 [1st Dept 2005]).

Respondent's request for attorneys' fees is denied (*see Matter of Meopta Props. II, LLC v Pacheco*, 185 AD3d 511, 512 [1st Dept 2020] [award of attorneys' and expert's fees are in Court's discretion and dependent on the circumstances of the case]). The Court finds Respondent is not entitled to attorneys' fees, as this proceeding may have been avoided had parties agreed to negotiate in good faith. Moreover, the Court finds Respondent's counterclaims and defenses to be borderline frivolous, in that RPAPL 881 licenses are granted routinely without any violation of a respondent's Fourteenth Amendment rights. However, in the event further negotiation or litigation is needed based on Petitioner's work, the Court may opt to award attorney or engineering fees in the future, if there is a good faith basis for Respondent requesting same. Moreover, since Petitioner did not seek attorneys' fees in its moving papers, the Court declines to grant Petitioner a fee award

156542/2025   140 LEX LLC vs. ANB REALTY CORP.                          Page 7 of 9
Motion No. 001

7 of 9

[* 7]

*sua sponte*. The Court has considered the parties' additional arguments, even if not specifically addressed and finds them unpersuasive.

Accordingly, it is

ORDERED Petitioner's motion for a temporary license to access the Adjacent Property located at 142 Lexington Avenue, for a twelve-month period is granted pursuant to the conditions outlined above, which include the conditions that: (1) Petitioner indemnify Respondent and procure a $1 million per occurrence general commercial liability policy with an aggregate limit of $4,000,000, and a $10 million excess/umbrella policy for the project which is the subject of this proceeding, with Respondent named as an additional insured on both policies (2) pay a monthly license fee of $4,000 on the first of each month, for as long as the Project continues; (3) Petitioner agrees to be strictly liable for any damage or injury suffered by Respondent resulting or arising from the construction at the Property or Petitioner's access to the Adjacent Property; (4) Petitioner agrees that any such damages are to be promptly paid and repaired at Petitioner's sole cost and expense, (5) and Petitioner indemnifies and holds Respondent harmless from and against all claims, losses, liabilities, damages, fines, liens, actions, judgments or costs resulting or arising from the construction at the Property or Petitioner's access to the Adjacent Property and it is further

ORDERED that the twelve-month period will commence immediately upon the date of the entry of this Order, and it is further

ORDERED that Respondent's counterclaim is hereby dismissed; and it is further

ORDERED that should the parties agree to any further terms and conditions, , the parties may submit it to this Court via e-mail to SFC-Part35 @nycourts.gov so any agreed to supplemental terms and conditions may be so-ordered by this Court; and it is further

156542/2025  140 LEX LLC vs. ANB REALTY CORP.                    Page 8 of 9
Motion No. 001

8 of 9

[* 8]

ORDERED that within ten days of entry, counsel for Petitioner shall serve a copy of this

Decision and Order, with notice of entry, on all parties via NYSCEF; and it is further

This constitutes the Decision and Order of the Court.

_____1/6/26_____
DATE

HON. PHAEDRA F. PERRY-BOND, J.S.C.

| CHECK ONE: | ☒ CASE DISPOSED | | ☐ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

156542/2025  140 LEX LLC vs. ANB REALTY CORP.
Motion No. 001

Page 9 of 9

[* 9]